Pearson, C. J.
 

 It is settled : if a third person had hired the slave, and either carried him out of the county, or worked him in a stave-swamp, in violation of the terms of the bailment, he would have been liable under the circumstances of our case;
 
 Bell
 
 v.
 
 Bowen,
 
 1 Jones’ Rep. 316. We have this question : The defendant violated the express terms of hiring in both particulars ; is he exempt from the liability that would have" attached to a third person by reason of the fact of his being the plaintiff’s guardian ?
 

 It will strike every one at the first blush, that according to the common notion of justice, as he was relied on to protect the interest of his ward, and to that end had offered the slave for hire, expressly subject to the terms above stated, and had bid him off at the hiring, and claimed his services as a hirer, the guardian cannot be entitled to greater indulgence than would have been extended to a third person. There is no principle of law which opposes this common notion of justice : on the contrary, the law asserts and enforces it as an incident to the relation of guardian and ward. It is the duty of a guardian to hire out the slaves at public vendue, and he has no right to become the hirer — not simply on the ground that he cannot hire of himself, but for the purpose of prevent
 
 *283
 
 ing franc!, and to take away the temptation to which he might he exposed of using means to stifle bidding, and detract from the value of such slaves as he might wish to hire for himself. It would not effect the purpose to treat a hiring to himself as a mere nullity, and charge him with the value as if the slaves had not been hired, whereby he would evade the duty of hiring them out, but the purpose is effected by giving to the ward an election, to be exercised within a reasonable time,
 
 (Hawkins
 
 v. Simmons, 6 Ire. Eq. 16,) either to treat the hiring as void and charge him with the value, or to treat it as a valid contract, and hold him liable according to the terms thereof, ás a third person would have been. So that, he may lose by, but shall not take advantage of his own default, under the maxim :
 
 “
 
 no man shall take benefit by his own wrong.”
 

 In our case, the plaintiff seeks to hold the defendant liable according to the terms of the hiring. Is there any thing to prevent the application of the principle ?
 

 1st. ¥e think the facts establish a breach of the conditions of the guardian bond in failing to take proper care of the slave. By the restricted terms of the hiring, he fixed the degree of care, which, in his opinion, his duty, as guardian, required him to impose on third persons, and cannot be heard, to say, that he diminished the amount of hires by restrictions which were unnecessary. It follows that an action can be maintained on the bond, and the plaintiff is not put to his special action on the case.
 

 2. The release relied on is no bar to the action. It is worded cautiously, and is confined to the money paid over, and “ the negroes aforementioned by name.” The slave in question is not named, and the purpose evidently was, to leave open the matter of controversy as to him.
 

 3. The receipt of $131, the amount at which the slave was bid off, did not affect the plaintiffs right to recover for his loss, because the right to receive that amount was entirely consistent with the right to hold the defendant also liable for his loss; consequently, there could be no reason why he was not at liberty to receive what the defendant admitted he was
 
 *284
 
 entitled to, and bring suit for that about which there was a difference of opinion. Ilow it would have been, had the plaintiff received a larger sum, i. e., the amount for which the slave would have hired if there had been no restriction, we are not called on to say. That might have been inconsistent with the right to hold the defendant liable for the loss by reason of the restrictions.
 

 4. The fact that the plaintiff had agreed before the hiring, that the defendant might hire this slave and work him without any restrictions, did not defeat the action ; for the reason that the agreement, being made while the plaintiff was under age, was voidable on account of his infancy, without reference to the relation of guardian and ward; and as the defendant did not accede to the proposition, which plaintiff af-terwards made, to accept the amount that the slave would have hired for, without restrictions, it passes for nothing, and he can take no benefit from it.
 

 In fixing the amount of damages an error was committed. The plaintiff having received the amount of a restricted hiring, in claiming damages for the loss by reason thereof, had no right to what the slave would have hired for without restrictions. Fortunatel}1', the verdict is so entered that the two amounts can be severed. The judgment is reversed as to the eleven dollars, and affirmed as to the §1000, and the costs of the Court below.
 

 PeR CueiaM, Judgment affirmed.